# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OLEG V. DERIPASKA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 17-00913 (ESH) |
| ) | |
| THE ASSOCIATED PRESS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION

Oleg Deripaska has sued the Associated Press ("AP") claiming defamation.  In a separate Memorandum Opinion, ECF No. 18, the Court has dismissed the complaint under Federal Rule of Civil Procedure 12(b)(6).  The only issue remaining is whether to grant defendant's motion to dismiss under the District of Columbia Anti-Strategic Lawsuits Against Public Participation (Anti-SLAPP) Act of 2010, D.C. Code § 16-5502(a).  Because *Abbas v. Foreign Policy Grp., LLC*, 783 F.3d 1328 (D.C. Cir. 2015), forecloses application of D.C.'s Anti-SLAPP Act in federal court, the Court will deny the AP's special motion to dismiss, including its request for fees and costs.[1]

"*Erie* mandates that a federal court sitting in diversity apply the substantive law of the forum State, absent a federal statutory or constitutional directive to the contrary."  *Salve Regina College v. Russell*, 499 U.S. 225, 226 (1991).  Therefore, in diversity cases, "all federal courts have a duty 'to ascertain and apply the state law' as 'it controls decision.'"  *Easaw v. Newport*, No. 17–00028, 2017 WL 2062851, at *8 (D.D.C. May 12, 2017) (quoting *Huddleston v. Dwyer*,

---

[1] The relevant factual background is set forth in the Court's Memorandum Opinion, ECF No. 18, dismissing this case under Rule 12(b)(6).

322 U.S. 232, 236 (1944)).  Discerning the content of state law requires deferring "to the most recent decisions of the state's highest court, and when interpreting and applying D.C. law, courts fulfill this obligation by looking to the published opinions of the D.C. Court of Appeals."  *Id.* (citing *Rogers v. Ingersoll-Rand Co.*, 144 F.3d 841, 843 (D.C. Cir. 1998)).  But of course, district courts also remain bound by the decisions of the D.C. Circuit.  *Id.*; *see* 28 U.S.C. § 1291.

What to do when these two sources of binding precedent are in conflict has not been "squarely addressed" in this Circuit.  *Id.* at *9.  Chief Judge Howell has persuasively explained, however, that "when faced with conflicting authority on D.C. law," if the D.C. Court of Appeals "has spoken clearly and unmistakably as to the current state of D.C. law," the district court should defer to that interpretation.  *Id.*

Here, the question is whether the D.C. Court of Appeals has spoken clearly and unmistakably such that this Court must depart from the D.C. Circuit's view that a federal court exercising diversity jurisdiction may not apply the D.C. Anti-SLAPP Act's special motion to dismiss provision.  *See Abbas v. Foreign Policy Grp., LLC*, 783 F.3d 1328, 1333 (D.C. Cir. 2015).  The Court finds that the law at this time that binds this Court is the D.C. Circuit's opinion in *Abbas*, and accordingly, the special motion to dismiss must be denied.

The AP acknowledges that the D.C. Circuit determined in *Abbas* that the D.C. Anti-SLAPP Act is inconsistent with the federal rules of civil procedure, but argues that the D.C. Court of Appeals' decision in *Competitive Enterprise Institute v. Mann*, 150 A.3d 1213 (D.C. 2016), alters the D.C. Circuit's interpretation of the statute's applicability.  (Mot. Dismiss at 2, ECF No. 7.)  Deripaska responds that this misreads the two opinions and that *Abbas* remains binding precedent.  (Opp. Mot. Dismiss at 3–4, ECF No. 9.)

A "federal court exercising diversity jurisdiction should not apply a state law or rule if (1)

a Federal Rule of Civil Procedure 'answer[s] the same question' as the state law or rule and (2) the Federal Rule does not violate the Rules Enabling Act." *Abbas*, 783 F.3d at 1333 (quoting *Shady Grove Orthopedic Assocs. v. Allstate Ins. Co.*, 559 U.S. 393, 398–99 (2010)). Anti-SLAPP statutes, enacted in more than half of the states, are intended "to decrease the 'chilling effect' of certain kinds of libel litigation and other speech-restrictive litigation." Eugene Volokh, *The First Amendment and Related Statutes* 118 (5th ed. 2014). "Like the various States' anti-SLAPP laws, the D.C. Anti-SLAPP Act makes it easier for defendants sued for defamation and related torts to obtain quick dismissal of harassing lawsuits." *Abbas*, 783 F.3d at 1332. In particular, it allows defendants to "file a special motion to dismiss 'any claim arising from an act in furtherance of the right of advocacy on issues of public interest.'" *Id.* at 1332 (quoting D.C. Code § 16–5502(a)). Normally, "under Federal Rule 12(b)(6), a plaintiff can overcome a motion to dismiss by simply alleging facts sufficient to state a claim that is plausible on its face." *Id.* at 1334 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). But "the D.C. Anti-SLAPP Act nullifies that entitlement in certain cases," and thus "conflicts with the Federal Rules by setting up an additional hurdle a plaintiff must jump over to get to trial." *Id.* "In short, unlike the D.C. Anti-SLAPP Act, the Federal Rules do not require a plaintiff to show a likelihood of success on the merits in order to avoid pre-trial dismissal." *Id.*

In response to the *Abbas* defendants' argument that "the D.C. Anti-SLAPP Act's likelihood of success standard is just another way of describing the federal test for summary judgment," *id.*, the Circuit explained that the special motion to dismiss provision "answers the same question about the circumstances under which a court must grant pre-trial judgment to defendants" that the Federal Rules answer. *Id.* at 1335. At that time, "the D.C. Court of Appeals ha[d] never interpreted the D.C. Anti-SLAPP Act's likelihood of success standard to simply

mirror the standards imposed by Federal Rules 12 and 56." *Id.*  The following year, however, the D.C. Court of Appeals expressed some agreement with *Abbas* in a footnote, stating "that the special motion to dismiss is different from summary judgment in that it imposes the burden on plaintiffs and requires the court to consider the legal sufficiency of the evidence presented before discovery is completed." *Mann*, 150 A.3d at 1238 n.32.  While acknowledging that the "applicability of the Anti-SLAPP statute in federal court is not for [the D.C. Court of Appeals] to determine," that court held that "the D.C. Anti-SLAPP Act's likelihood of success standard [] simply mirror[s] the standards imposed by Federal Rule 56." *Id.*  And yet, the Act reverses "the allocation of burdens for dismissal of a complaint under" Rule 12(b)(6),[2] *id.* at 1237,  giving defendants "the option to up the ante early in the litigation, by filing a special motion to dismiss that will require the plaintiff to put his evidentiary cards on the table . . . [which] makes the plaintiff liable for the defendant's costs and fees if the motion succeeds." *Id.* at 1238 (citing D.C. Code §§ 16–5502(a), 16–5504(a)).

"*Erie* involved the constitutional power of federal courts to supplant state law with judge-made rules." *Shady Grove*, 559 U.S. at 406.  In deciding *Abbas*, the D.C. Circuit was aware that other federal courts of appeal had come to a different conclusion when analyzing other states' Anti-SLAPP statutes in similar circumstances.  *Abbas*, 783 F.3d at 1335–36 (citing *Godin v. Schencks*, 629 F.3d 79, 81, 92 (1st Cir. 2010); *Henry v. Lake Charles Am. Press, LLC*, 566 F.3d 164, 168–69 (5th Cir. 2009); *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 973 (9th Cir. 1999)).  But the Court nonetheless expressed agreement with Judge Kozinski and Judge Watford's dissenting view on the Ninth Circuit, and it ultimately concluded

---

[2] The D.C. Court of Appeals here referred to Superior Court Rule of Civil Procedure 12(b)(6), which replicates Federal Rule of Civil Procedure 12(b)(6).

that "Federal Rules 12 and 56 answer the same question as the Anti-SLAPP Act's special motion to dismiss provision." *Id.* at 1336; *see id.* at 1135–36 (citing *Makaeff v. Trump U., LLC*, 736 F.3d 1180, 1188 (9th Cir. 2013) (Watford, J., dissenting from denial of rehearing en banc) ("California's anti-SLAPP statute impermissibly supplements the Federal Rules' criteria for pre-trial dismissal of an action."); *Makaeff v. Trump U., LLC*, 715 F.3d 254, 275 (9th Cir. 2013) (Kozinski, J., concurring) ("Federal courts have no business applying exotic state procedural rules which, of necessity, disrupt the comprehensive scheme embodied in the Federal Rules.")).

While this Court is aware that the result here will likely promote the type of forum-shopping that *Erie* intended to avoid, it is not for district court judges to override the determinations of circuit precedent.  Moreover, the Supreme Court has made clear that in some circumstances "divergence from state law, with the attendant consequence of forum shopping, is the inevitable . . . result of a uniform system of federal procedure."  *Shady Grove*, 559 U.S. at 416.  "The short of the matter is that a Federal Rule governing procedure is valid whether or not it alters the outcome of the case in a way that induces forum shopping."  *Id.*

At bottom, the D.C. Circuit was clear, and so, while the D.C. Court of Appeals' opinion in *Mann* merits analysis, it does not "clearly and unmistakably" resolve the question at issue here, and this Court must follow the clear guidance of the D.C. Circuit and deny the special motion to dismiss.

## CONCLUSION

For the reasons discussed, the AP's special motion to dismiss is denied, as is its request for fees and costs under D.C.'s Anti-SLAPP Act.

/s/   *Ellen Segal Huvelle*
ELLEN SEGAL HUVELLE
United States District Judge

Date: October 17, 2017

5